UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIAM BIBI,

      Plaintiff,

vs.

Case No:  11-14727
Honorable Paul D. Borman

SATURN ELECTRONICS CORPORATION,
a Michigan corporation, NAGIBHAL SUTARIYA
ISHVAR SUTARIYA, ASHOK SINGH, RANA
AKHTAR, DILLIP DALAL, SYEDA AKHTAR and
SYED ISLAN, Jointly and Severally,

      Defendants.

_____

RAYMOND J. SALLOUM P36852
Attorney for Plaintiff

THOMAS R. PAXTON P36214
Attorney for Defendants Saturn, Sutariyas, Akhtar & Dalal
1000 Woodbridge
Detroit, M I 48207
1-313-446-5518

_____

## ANSWER TO COMPLAINT

NOW COME the Defendants, SATURN ELECTRONICS CORPORATION, NAGIBHAL

SUTARIYA, ISHVAR SUTARIYA, RANA AKHTAR and DILLIP DALAL, only, by and through

their Attorneys, GARAN, LUCOW, MILLER, P.C., and in response to the Complaint, states as

follows:

    1.    Answering Paragraph 1, defendants neither admit nor deny the allegations contained

in paragraph 1 of the Complaint as they are without information and belief sufficient in which to

formulate an answer.

    2.    Answering Paragraph 2, defendants admit the allegations contained in paragraph 2

of the Complaint.

     3.     Answering Paragraph 3, defendants admit the allegations contained in paragraph 3 of the Complaint.

     4.     Answering Paragraph 4, defendants admit the allegations contained in paragraph 4 of the Complaint.

     5.     Answering Paragraph 5, defendants admit that Ahkok Singh was employed by Saturn at its Romulus facility.

     6.     Answering Paragraph 6, defendants admit that Rana Akhtar was employed by Saturn at its Romulus facility as a department supervisor.

     7.     Answering Paragraph 7, defendants admit that Dillip Dalal was employed by Saturn at its Romulus facility as a shift supervisor.

     8.     Answering Paragraph 8, defendants neither admit nor deny this allegation as it is not an allegations of fact but rather, an opinion of law.

     9.     Answering Paragraph 9, defendants admit the allegations contained in paragraph 9.

     10.     Answering Paragraph 10, defendants deny the allegations contained in paragraph 10 as they are untrue.

     11.     Answering Paragraph 11, defendants deny the allegations contained in paragraph 11 as they are untrue.

     12.     Answering Paragraph 12, defendants deny the allegations contained in paragraph 12 as they are untrue.

     13.     Answering Paragraph 13, defendants admit that there was a meeting on March 2010. As to any other allegations contained in paragraph 13, defendants neither admit nor deny the

2

allegations as they are without information and belief sufficient in which to formulate an answer.

14.     Answering Paragraph 14, defendants deny the allegations contained in paragraph 14 as they are untrue.

15.     Answering Paragraph 15, defendants neither admit nor deny the allegations contained in paragraph 15 as they are without information and belief sufficient in which to formulate an answer.

16.     Answering Paragraph 16, defendants neither admit nor deny the allegations contained in paragraph 16 as they are without information and belief sufficient in which to formulate an answer.

17.     Answering Paragraph 17, defendants neither admit nor deny the allegations contained in paragraph 17 as they are without information and belief sufficient in which to formulate an answer.

18.     Answering Paragraph 18, defendants deny the allegations contained in paragraph 18 as they are untrue.

19.     Answering Paragraph 19, defendants deny that plaintiff complained that she was subject to a sexually hostile work environment and/or the subject of sexual harassment.

20.     Answering Paragraph 20, defendants deny the allegations contained in paragraph 20 as they are untrue.

21.     Answering Paragraph 21, defendants deny the plaintiff's employment was terminated much less that it was terminated contrary to the laws and statues of the State of Michigan.

22.     Answering Paragraph 22, defendants neither admit nor deny the allegations contained in paragraph 22.  However, defendants specifically deny any allegation, either expressed or implied

that the defendants conduct or lack of conduct was in any way related to or caused plaintiff's allegations of losses or damages.

## COUNT I: Assault and Battery

21.     Answering Paragraph 21, defendants incorporate paragraphs 1 through 22 as if specifically repeated herein.

22.     Answering Paragraph 22, defendants deny the allegations contained in paragraph 22.

23.     Answering Paragraph 23, defendants deny the allegations contained in paragraph 23.

24.     Answering Paragraph 24, defendants deny the allegations contained in paragraph 24.

25.     Answering Paragraph 25, defendants deny the allegations contained in paragraph 25.

26.     Answering Paragraph 26, defendants deny the allegations contained in paragraph 26.

27.     Answering Paragraph 27, defendants neither admit nor deny the allegations contained in paragraph 27.

28.     Answering Paragraph 28, defendants deny the allegations contained in paragraph 28.

## COUNT II: Violation of Constitutional Due Process

29.     Answering Paragraph 29, defendants incorporate paragraphs 1 through 28 as if specifically repeated herein.

30.     Answering Paragraph 30, defendants neither admit nor deny the allegations contained in paragraph 30 as they are without information and belief sufficient in which to formulate an answer.

31.     Answering Paragraph 31, defendants deny the allegations contained in paragraph 31 as they are untrue.

32.     Answering Paragraph 32, defendants deny the allegations contained in paragraph 32

4

as they are untrue.

33.     Answering Paragraph 33, defendants deny the allegations contained in paragraph 33 as they are untrue.

## COUNT III: Violation of the Elliott-Larsen Civil Rights Act

34.     Answering Paragraph 34, defendants incorporate paragraphs 1 through 33 as if specifically repeated herein.

35.     Answering Paragraph 35, defendants neither admit nor deny the allegations contained in paragraph 35 as they are without information and belief sufficient in which to formulate a response.

36.     Answering Paragraph 36, defendants neither admit nor deny the allegations contained in paragraph 36 as they are without information and belief sufficient in which to formulate a response.

37.     Answering Paragraph 37, defendants specifically deny the allegation contained in paragraph 37 as they are untrue.

38.     Answering Paragraph 38, defendants specifically deny the allegation contained in paragraph 38 as they are untrue.

## COUNT IV: Defamation

39.     Answering Paragraph 39, defendants incorporate by reference their answers to paragraphs 1 through 38 as if specifically repeated herein.

40.     Answering Paragraph 40, defendants deny the allegation contained in paragraph 40 as they are untrue.

41.     Answering Paragraph 41, defendants deny the allegations contained in paragraph 41

5

as they are untrue.

42.     Answering Paragraph 42, defendants deny the allegations contained in paragraph 42 as they are untrue.

43.     Answering Paragraph 43, defendants deny the allegations contained in paragraph 43.

44.     Answering Paragraph 44, defendants deny the allegations contained in paragraph 44.

**COUNT V: Intentional Infliction of Emotional Distress**

45.     Answering Paragraph 45, defendants incorporate by reference their answers to paragraphs 1 through 44 as if specifically repeated herein.

46.     Answering Paragraph 46, defendants deny the allegations contained in paragraph 46 as they are untrue.

47.     Answering Paragraph 47, defendants deny the allegations contained in paragraph 47 as they are untrue.

48.     Answering Paragraph 48, defendants deny the allegations contained in paragraph 48 as they are untrue.

49.     Answering Paragraph 49, defendants deny the allegations contained in paragraph 49 as they are untrue.

50.     Answering Paragraph 50, defendants deny the allegations contained in paragraph 50 as they are untrue.

By: s/Thomas R. Paxton
GARAN LUCOW MILLER, P.C.
1000 Woodbridge Street
Detroit, MI 48207-3192
(313) 446-5518
Tpaxton@garanlucow.com
P36214

Dated:  October 27, 2011

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIAM BIBI,

       Plaintiff,

vs.                                                                    Case No:  11-14727
                                                                       Honorable Paul D. Borman
SATURN ELECTRONICS CORPORATION,
a Michigan corporation, NAGIBHAL SUTARIYA
ISHVAR SUTARIYA, ASHOK SINGH, RANA
AKHTAR, DILLIP DALAL, SYEDA AKHTAR and
SYED ISLAN, Jointly and Severally,

       Defendants.

_____

RAYMOND J. SALLOUM P36852
Attorney for Plaintiff

THOMAS R. PAXTON P36214
Attorney for Defendants Saturn, Sutariyas, Akhtar & Dalal
1000 Woodbridge
Detroit, M I 48207
1-313-446-5518

_____

### NOTICE OF SPECIAL AND/OR AFFIRMATIVE DEFENSES

      NOW COME the Defendants, SATURN ELECTRONICS CORPORATION, NAGIBHAL

SUTARIYA, ISHVAR SUTARIYA, RANA AKHTAR and DILLIP DALAL, only, by and through

their Attorneys, GARAN, LUCOW, MILLER, P.C., and asserts the following affirmative defenses

to be raised in this matter:

      1.      Plaintiff's claim is barred by the applicable statute of limitations.

      2.      Plaintiff's claim is barred by the doctrines of laches or estoppel.

      3.      Plaintiff has failed to mitigate her damages.

4.      Defendants are not state actors and, therefore, not subject to the provisions of the Fourteenth Amendment.  However, if they are deemed to be state actors, their actions are immune from liability both under MCLA 691.1407 and the case law cited by the federal courts.

5.      Plaintiff's termination of employment was voluntary on her part.

6.      There is a legitimate nondiscriminatory business reason for any and all actions taken by the defendants in this matter.

7.      Defendants' statements if determined defamatory were privileged.

8.      Defendants reserve the right to add to or amend to these affirmative defenses as discovery so reveals.

                                    By: s/Thomas R. Paxton
                                    GARAN LUCOW MILLER, P.C.
                                    1000 Woodbridge Street
                                    Detroit, MI 48207-3192
                                    (313) 446-5518
                                    Tpaxton@garanlucow.com
Dated:  October 27, 2011            P36214

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIAM BIBI,

      Plaintiff,

vs.

SATURN ELECTRONICS CORPORATION,
a Michigan corporation, NAGIBHAL SUTARIYA
ISHVAR SUTARIYA, ASHOK SINGH, RANA
AKHTAR, DILLIP DALAL, SYEDA AKHTAR and
SYED ISLAN, Jointly and Severally,

      Defendants.

Case No:  11-14727
Honorable Paul D. Borman

_____

RAYMOND J. SALLOUM P36852
Attorney for Plaintiff

THOMAS R. PAXTON P36214
Attorney for Defendants Saturn, Sutariyas, Akhtar & Dalal
1000 Woodbridge
Detroit, M I 48207
1-313-446-5518

_____

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2011  I electronically filed the foregoing document with the
Clerk of the Court using the ECF System which will send notification of such filing to the following:
Raymond J. Salloum and I certify that I have mailed by U.S. Mail the document to the following
non-ECF participants: N/A

      By: s/Thomas R. Paxton
      GARAN LUCOW MILLER, P.C.
      1000 Woodbridge Street
      Detroit, MI 48207-3192
      (313) 446-5518
      Tpaxton@garanlucow.com
      P36214

9