UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIAM BIBI,

    Plaintiff,

                                Case No: 11-14727
                                Judge Paul D. Borman

-v-

SATURN ELECTRONICS CORP.,
A Michigan corporation, NAGIBHAL
SUTARIYA, ISHVAR SUTARIYA, ASHOK
SINGH, RANA AKHTAR, DILLIP DALAL,
SYEDA AKHTAR and SYED ISLAM,
Jointly and Severally,

    Defendants.

---

| | |
|---|---|
| Raymond J. Salloum (P36852)<br>Attorney for Plaintiff<br>36700 Woodward Ave, ste. 209<br>Bloomfield Hills, MI 48304<br>248-594-4700<br>salloumlaw@comcast.net<br><br>Aziz Khondker (P61358)<br>Co-Counsel for Plaintiff<br>36700 Woodward Ave, ste. 209<br>Bloomfield Hills, MI 48304<br>(248) 722-2364 | Thomas R. Paxton (P36214)<br>Garan Lucow Miller PC<br>Atty for Defs/Saturn, Sutariyas, Akhtar & Dalal<br>1000 Woodbridge St<br>Detroit, MI 48207<br>(313) 446-1530 x5518/Fax: (313) 259-0450<br>e-Mail: tpaxton@gartanlucow.com<br><br>Seymour Berger (P10720)<br>Law Offices of Seymour Berger<br>Attorney for Def/Ashok Singh Only<br>24901 Northwestern Hwy Ste 411<br>Southfield, MI 48075<br>(248) 353-5131/Fax: (248) 353-1025 |

## REPLY TO MOTION TO SET ASIDE DEFAULT
## AS TO DEFENDANT ASHOK SINGH

    NOW COMES, the above captioned Plaintiff, Miriam Bibi, by and through her attorneys, Raymond J. Salloum and Aziz Khondker, and for her reply to Defendant Ashok Singh's Motion to Set Aside Default states as follows:

1.    Admitted.

2. Plaintiff neither admits nor denies the allegation contained in paragraph 2 of the Motion for the reason that Plaintiff has no information concerning said acquiescence.

3. Allegations contained in paragraph 3 of the Motion are denied as untrue.

4. Allegations contained in paragraph 4 are believed to be untrue.

5. Admitted.

6. Allegations contained in paragraph 6 are admitted in part. The defendant also speaks English.

7. Allegations contained in paragraph 7 of the Motion are denied as untrue. Defendant was served with the Summons and Complaint in the same manner that co-defendants were served at work at Saturn Electronics and that further, upon information and belief, defendant's co-defendants/employers chose to defend their own interests and ignore a defense for defendant Ashok Singh.

8. Plaintiff admits that discovery is in the initial stages, however, if any duplicative discovery becomes necessary in the event the default is set aside, it should be at the Defendant's expense.

9. Admitted.

10. Allegations contained in paragraph 10 of the Motion are neither admitted nor denied for the reason that plaintiff has no information or knowledge as to these allegations. Further, the allegations in paragraph 10 of the Motion are not consistent with the facts of this case.

11. Allegations contained in paragraph 11 of the Motion are neither admitted nor denied for the reason that plaintiff would have no knowledge of said allegation.

12. Allegations contained in paragraph 12 are neither admitted nor denied.

13. Admitted.

14. Plaintiff admits that notice of entry of default was filed with the court on January 10, 2012.

15. Admitted.

16. Plaintiff admits that defendant filed an untimely answer.

17. Allegations contained in paragraph 17 of the Motion are admitted to be a part of the Complaint previously filed in this matter.

18. Allegations contained in paragraph 18 of Defendant's Motion are denied as untrue.

19. Allegations contained in paragraph 19 of the Motion are denied as untrue.

20. Allegations contained in paragraph 20 of the Motion are denied as untrue.

21. Allegations contained in paragraph 21 of the Motion are denied as untrue.

22. Allegations contained in paragraph 22 of the Motion are denied as untrue.

23. Allegations contained in paragraph 23 of the Motion are denied as untrue.

WHEREFORE, plaintiff respectfully prays that this Honorable Court deny defendant's Motion to Set Aside Default.

Respectfully submitted,

/s/ Raymond J. Salloum
Raymond J. Salloum (P36852)
Attorney for Plaintiff
36700 Woodward Ave, ste. 209
Bloomfield Hills, MI 48304
248-594-4700
salloumlaw@comcast.net

Dated: April 16, 2012.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARIAM BIBI,

      Plaintiff,

                                Case No: 11-14727
                                Judge Paul D. Borman

-v-

SATURN ELECTRONICS CORP.,
A Michigan corporation, NAGIBHAL
SUTARIYA, ISHVAR SUTARIYA, ASHOK
SINGH, RANA AKHTAR, DILLIP DALAL,
SYEDA AKHTAR and SYED ISLAM,
Jointly and Severally,

      Defendants.

| | |
|---|---|
| Raymond J. Salloum (P36852)<br>Attorney for Plaintiff<br>36700 Woodward Ave, ste. 209<br>Bloomfield Hills, MI 48304<br>248-594-4700<br>salloumlaw@comcast.net<br><br>Aziz Khondker (P61358)<br>Co-Counsel for Plaintiff<br>36700 Woodward Ave, ste. 209<br>Bloomfield Hills, MI 48304<br>(248) 722-2364 | Thomas R. Paxton (P36214)<br>Garan Lucow Miller PC<br>Atty for Defs/Saturn, Sutariyas, Akhtar & Dalal<br>1000 Woodbridge St<br>Detroit, MI 48207<br>(313) 446-1530 x5518/Fax: (313) 259-0450<br>e-Mail: tpaxton@gartanlucow.com<br><br>Seymour Berger (P10720)<br>Law Offices of Seymour Berger<br>Attorney for Def/Ashok Singh Only<br>24901 Northwestern Hwy Ste 411<br>Southfield, MI 48075<br>(248) 353-5131/Fax: (248) 353-1025 |

## BRIEF IN SUPPORT OF REPLY TO MOTION
## TO SET ASIDE DEFAULT AS TO DEFENDANT ASHOK SINGH

      NOW COMES, the above captioned Plaintiff, Miriam Bibi, by and through her attorneys, Raymond J. Salloum and Aziz Khondker, and for her Brief in Support of Reply to Defendant Ashok Singh's Motion to Set Aside Default states as follows:

Page -1-

## FACTS

The Plaintiff was sexually assaulted by Defendant, A co-worker at Defendant' Saturn's Romulus Michigan plant in February of 2010 as alleged in the complaint. The area where the assault occurred is under video surveillance. Discovery information reveals that the Defendants after viewing the tape, destroyed it.

The Defendant was a primary actor in this case and at all times continued to be employed by Defendant employer. Defendant employer retained counsel for other employees that were served at the same time this defendant was served and in the same manner. The Defendant's predicament was caused by Defendant and Defendant employer's conscious decision not to timely retain counsel.

## LAW

Federal Rule of Civil Procedure 55 provides:

1. (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment.

(1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

    (A) conduct an accounting;

    (B) determine the amount of damages;

    (C) establish the truth of any allegation by evidence; or

    (D) investigate any other matter.

(c) Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

(d) Judgment Against the United States. A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

## CONCLUSION

In the case at bar the Defendant does not present either good cause or a meritorious defense. The Defendant's delay in responding was caused by the conscious decision of employer to retain counsel for some employees and not others.

Wherefore, the Plaintiff respectfully prays that the Request to set aside default be denied. However if the default is set aside, it should be conditioned upon the costs of any additional discovery being borne by the Defendants.

                        Respectfully submitted,

                        */s/ Raymond J. Salloum*
                        Raymond J. Salloum (P36852)
                        Attorney for Plaintiff
                        36700 Woodward Ave, ste. 209
                        Bloomfield Hills, MI 48304
                        248-594-4700
                        salloumlaw@comcast.net

Dated: April 16, 2012.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIAM BIBI,

    Plaintiff,

                                                 Case No: 11-14727
                                                 Judge Paul D. Borman

-v-

SATURN ELECTRONICS CORP.,
A Michigan corporation, NAGIBHAL
SUTARIYA, ISHVAR SUTARIYA, ASHOK
SINGH, RANA AKHTAR, DILLIP DALAL,
SYEDA AKHTAR and SYED ISLAM,
Jointly and Severally,

    Defendants.

---

| | |
|---|---|
| Raymond J. Salloum (P36852)<br>Attorney for Plaintiff<br>36700 Woodward Ave, ste. 209<br>Bloomfield Hills, MI 48304<br>248-594-4700<br>salloumlaw@comcast.net<br><br>Aziz Khondker (P61358)<br>Co-Counsel for Plaintiff<br>36700 Woodward Ave, ste. 209<br>Bloomfield Hills, MI 48304<br>(248) 722-2364 | Thomas R. Paxton (P36214)<br>Garan Lucow Miller PC<br>Atty for Defs/Saturn, Sutariyas, Akhtar & Dalal<br>1000 Woodbridge St<br>Detroit, MI 48207<br>(313) 446-1530 x5518/Fax: (313) 259-0450<br>tpaxton@gartanlucow.com<br><br>Seymour Berger (P10720)<br>Law Offices of Seymour Berger<br>Attorney for Def/Ashok Singh Only<br>24901 Northwestern Hwy Ste 411<br>Southfield, MI 48075<br>(248) 353-5131/Fax: (248) 353-1025<br>seymourbergerlaw@live.com |

## CERTIFICATE OF SERVICE

      I do hereby certify that on April 16, 2012, I did serve Plaintiff's Reply to Motion to Set Aside Default as to Defendant Ashok Singh and Brief In Support of Plaintiff's Reply along with this Certificate of Service by ECF filing which will send notification of said filing to the following parties:

Seymour Berger (P10720)
Law Offices of Seymour Berger
Attorney for Def/Ashok Singh Only
24901 Northwestern Hwy Ste 411
Southfield, MI 48075
seymourbergerlaw@live.com

Thomas R. Paxton (P36214)
Garan Lucow Miller PC
Attorney for Defs/Saturn, Sutariyas, Akhtar & Dalal
1000 Woodbridge St
Detroit, MI 48207
tpaxton@garanlucow.com

                                          */s/ Raymond J. Salloum*
                                          Raymond J. Salloum (P36852)
                                          Attorney for Plaintiff
                                          36700 Woodward Ave, ste. 209
                                          Bloomfield Hills, MI 48304
                                          248-594-4700