UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIAM BIBI,

        Plaintiff,

                                          Case No. 11-14727

v.

                                          Paul D. Borman
                                          United States District Judge

SYED ISLAM,

        Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (ECF NO. 60) AND AWARDS PLAINTIFF $50,000.00 IN DAMAGES

### I. INTRODUCTION

This action arises from Plaintiff Mariam Bibi's allegations of sexual discrimination and assault and battery against multiple defendants. Only one defendant remains; Syed Islam. Plaintiff previously moved for entry of a default judgment against Defendant Islam; however, it was discovered after the first hearing on that matter that Plaintiff had not properly served him. (ECF No. 55). A status conference was held on June 24, 2014 and Defendant Syed Islam appeared *pro se*, at which Plaintiff's counsel personally served him with the summons and complaint. (ECF No. 52, Certificate of Service).

Now before the Court is Plaintiff's renewed motion for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) that was filed on April 8, 2015. (ECF No. 60). A hearing on this matter was held on June 25, 2015. For all the following reasons, the Court will GRANT Plaintiff's motion for entry of default judgment.

## II. BACKGROUND

A.     Factual Background[1]

Plaintiff filed this action on October 12, 2011 in Wayne County Circuit Court against Defendants Saturn Electronics Corporation, Nagjibhai Sutariya, Ishvar Sutariya, Ashok Singh, rana Akhtar, Dillip Dalal, Syeda Akhtar, and Syed Islam.  (ECF No. 1, Ex. A).  The case was removed to this Court on October 27, 2011 based on Plaintiff's claim of Federal constitutional violations against Defendants Singh, Nagjibhai Sutariya and Ishvar Sutariya.  (Compl. ¶¶ 29-33).

Plaintiff was employed by Defendant Saturn Electronics Corporation ("Saturn") which was located in Wayne County, Michigan.  (Compl. ¶ 2).  Defendant Nagibhal Sutariya was the President of Saturn and Defendant Ishvar Sutariya was the Vice-president of Saturn at all relevant times.  (*Id.* ¶¶ 3-4).  Defendant Ashok Singh ("Singh") was Plaintiff's co-worker, while Defendants Rana Akhtar and Dillip Dalal ("Dalal") were Plaintiff's shift supervisors.  (*Id.* ¶¶ 6-7).

On or about October 14, 2009, Defendant Singh began to make sexually embarrassing advances towards Plaintiff while they were working.  (*Id.* ¶ 10).  On October 22, 2009, Plaintiff complained to Defendant Ishvar Sutariaya and other supervisors at Saturn of Defendant Singh's behavior.  (*Id.* ¶ 19).

On or about February 12, 2010, Defendant Singh told Plaintiff he wanted to date her and some time thereafter touched Plaintiff's breast without warning.  (*Id.* ¶ 11).  On February 26,

---

[1] The Court notes that the correct spelling of Defendant Syed Islam's name was unclear from Plaintiff's previous filings.  It has been confirmed by Defendant Syed Islam during previous hearings, however, that his name is spelled "Islam" not "Islan".  The Court therefore refers to Defendant Islam by his proper name.

2

2010, Defendant Singh tore Plaintiff's scarf and made more unwanted sexual statements and advances.  (*Id*. ¶ 12).  Plaintiff discouraged and objected to these advances and unwanted touching.  (*Id*. ¶ 14).

On March 4, 2010, apparently after Plaintiff complained, Defendant Ishvar Sutariaya held a meeting where he reviewed videotape concerning the assault on Plaintiff.  (Compl. ¶ 13).  Plaintiff was asked to leave this meeting and Defendant Ishvar Sutariya took no action against Defendant Singh.  (*Id*.).

At some point in time, unnamed employees of Saturn began to circulate a rumor that Defendant Singh and Plaintiff were having a affair.  (*Id*. ¶ 17).  Plaintiff alleges that this created a sexually hostile environment and constituted sexual harassment.  (*Id*. ¶ 18).

On March 15, 2010, Plaintiff alleges that after reporting Defendant Singh's behavior to her supervisors at Saturn, she was assaulted on Saturn's property by Defendants Syeda Akhtar and her brother, Defendant Syed Islam ("Islam").  (*Id*. ¶¶ 25-27).  Then, later that same day, Defendants Syeda Akhtar and Islam attempted to run Plaintiff off the road with their car.  (*Id*. ¶ 26).  Plaintiff alleges that Defendants Syeda Akhtar and Islam were acting on behalf of Saturn and its owners.  (*Id*.).  Defendants Syeda Akhtar and Islam were criminally charged with assault and battery for this incident.  (Compl. ¶ 27, citing case no. 36-1005-9175).

At some point in time Plaintiff's employment at Saturn was terminated.  (*Id*. ¶ 21).  Pertinent to this motion for entry of default, Plaintiff alleged that Defendants Syeda Akhtar and her brother Islam's actions on March 15, 2010 constituted assault and battery under Michigan law.  (*Id*. ¶¶ 25-28).

B.      Procedural History

On January 4, 2012, the Court ordered Plaintiff to show cause as to why the case should

not be dismissed as to Defendants Singh, Syeda Akhtar and Islam.  (ECF No. 4).  In response to

that order, Plaintiff filed requests for a clerk's entry of default against Defendants Islam and

Singh.  (ECF No. 5 & 6).  On January 10, 2012, the Clerk's office entered defaults against

Defendants Islam and Singh.  (ECF Nos. 7 & 8).  On January 20, 2012, Plaintiff also filed a

response to the order to show cause and advised the Court that defaults had been requested and

entered against Defendants Singh and Islam, and also noting that Defendant Syede Ashtar was

served with the summons and complaint on January 9, 2012.  (ECF No. 10, Ex. 1).  Then on

March 28, 2012, Defendant Singh moved to set aside the entry of default.  (ECF No. 15).  On

May 10, 2012, the Court entered a stipulated order setting aside the default entered against

Defendant Singh.  (ECF No. 22).

After fully briefing a motion for summary judgment (ECF Nos. 24, 26 & 28) Defendants

Saturn, Nagibhal Sutariya, Ishvar Sutariya, Rana Akhtar, and Dillip Dalal and Plaintiff stipulated

to a dismissal, which was entered by the Court on March 26, 2013.  (ECF No. 29).

On June 10, 2013, the Court entered another order for Plaintiff to show cause as to why

Defendant Syeda Akhtar should not be dismissed for failure to prosecute.  (ECF No. 30).  In

response to this order to show cause, on June 11, 2013, Plaintiff requested a Clerk's Entry of

Judgment against both Defendant Islam and Defendant Singh in the amount of $50,000 each.

(ECF Nos. 32 & 33).  Plaintiff also filed a response to the order to show cause, noting that she

had mistakenly filed requests for default judgment against "Syeda Akhtar and Syed Islam"

pursuant to FED. R. CIV. P. 55(b)(1), rather than (2).  (*See* ECF No. 36, ¶¶ 4-5).  It appears

4

Plaintiff erroneously believed that her request for a default judgment was against Defendant Syeda Akhtar when, in fact, she filed it against Defendant Singh.

Because Plaintiff's reply to the show cause was non-responsive as to Defendant Syeda Akhtar the Court dismissed her from the case on July 8, 2013.  (ECF No. 37).  The Court observed in its dismissal order that despite Plaintiff's erroneous assertions, Defendant Syeda Akhtar had been served in early January 2012 but nothing had been entered in the docket since January 11, 2012 with regards to that defendant (including any request or entry for default).  (*Id.*; *see also* ECF No. 9, Certificate of Service).

On July 31, 2013 Plaintiff and Defendant Singh filed their Joint Final Pretrial Order with the Court.  (ECF No. 40).  Thereafter, the Plaintiff and Defendant Singh came to an agreement and on December 16, 2013, the Court entered a stipulated dismissal with prejudice against Defendant Singh.  (ECF No. 44).

On January 22, 2014, the Court entered a third order for Plaintiff to show cause as to why Syed Islam should not be dismissed for her failure to prosecute.  (ECF No. 45).  In response to this order, Plaintiff filed a motion for default judgment against both Defendant Islam and also against former Defendant Syeda Akhtar.

A hearing was held on this matter in April 2014 and Defendant Islam did not appear. Thereafter, before an order was entered granting the default judgment, the Court determined that Plaintiff had failed to properly serve Defendant Islam the summons and complaint pursuant to Federal Rules of Civil Procedure but had merely left the summons and complaint at his place of employment.

5

A status conference on the issue of proper service was held on June 24, 2014.  Defendant Islam attended that hearing and represented that he had never received service and informed the Court he had since moved to Philadelphia, Pennsylvania.  The Court explained during that hearing that no default judgment could be entered against a defendant who had not been properly served, and then instructed Plaintiff to properly serve Defendant Islam.  Plaintiff's attorney personally served the summons and complaint on Defendant Islam at that hearing.

Thereafter, Defendant Islam failed to answer the complaint or otherwise appear in this action.

On October 3, 2014, this Court again ordered Plaintiff to show cause why the case should not be dismissed for lack of prosecution.  (ECF No. 53).  In response, on October 5, 2014, Plaintiff moved for a default judgment against Defendant Islam.  (ECF No. 54).  The Court denied Plaintiff's second motion for default judgment without prejudice on February 9, 2015 because Plaintiff had failed to first request and/or receive a Clerk's Entry of Default against Defendant Islam.  (ECF No. 55, October 5, 2014 Order).

On March 11, 2015, this Court ordered Plaintiff to show cause as to why this action should not be dismissed for lack of prosecution.  (ECF No. 56).  On March 17, 2015, in response to the Order to Show Cause, Plaintiff requested a Clerk's Entry of Default as to Defendant Islam. (ECF No. 57).  On March 17, 2015, the Clerk entered the requested default.  (ECF No. 58).

Then, on March 31, 2015, this Court ordered Plaintiff (for the sixth time) to show cause as to why this action should not be dismissed for failure to prosecute.  (ECF No. 59).  Thereafter, on April 8, 2015, Plaintiff filed the pending Motion for Entry of Default Judgment noting that Defendant Islam was properly served in this Court on June 24, 2014 during a status conference

6

and that he had failed to respond or file an answer.  Plaintiff requests $50,000.00 plus attorney

fees, interest and court costs against Defendant Islam.  (ECF No. 60).

On June 25, 2015, this Court held a hearing on the pending Motion for Entry of Default

Judgment.  Defendant Islam attended this hearing and represented that he had received service of

the complaint and summons from Plaintiff and also received notice of the pending Motion of

Default Judgment.  Defendant Islam further agreed that he had failed to file any response to the

Motion for Default or any answer to the complaint. Defendant Islam went on to explain to the

Court that he had previously been found guilty of assault and battery against Plaintiff after a trial

in a state court.  Defendant Islam then represented to the Court that he planned to retain an

attorney in this matter.

Thereafter, in deference to Defendant Islam's representation that he would retain counsel

and defend himself in this matter, the Court issued an Order on July 1, 2015 adjourning the

matter for sixty (60) days.  (ECF No. 62).  The July 1, 2015 Order explicitly provided that

Defendant Islam:

> has thirty (30) days from the date of this order to retain an attorney in this matter
> and for that attorney to make an appearance in this action.  If Defendant Islam
> retains an attorney, that attorney has sixty (60) days from the date of this Order to
> respond to Plaintiff's renewed motion for default (ECF No. 60).

(ECF No. 62, at 1).

Defendant Islam's attorney made an appearance in this matter on July 30, 2015.  (ECF

No. 63, Appearance).  Despite Defendant Islam's attorney's appearance, Defendant Islam has

failed to respond to Plaintiff's pending Motion for Default and the time provided by the Court to

do so has long passed.

### III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 55(b) a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action.  In order to obtain judgment by default, the proponent must first request the clerk's entry of default pursuant to Rule 55(a).  *See Hanner v. City of Dearborn Heights*, No. 07-15251, 2008 WL 2744860, at *1 (E.D. Mich. July 14, 2008).  Once a default has been entered by the clerk's office, all of a plaintiff's well-pleaded allegations are deemed admitted.  *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citation omitted).

Once a default is obtained, the party may then file for a default judgment by the clerk or by the court.  FED. R. CIV. P. 55(b).  When the plaintiff's complaint alleges damages for a sum certain a default judgment by clerk is appropriate.  FED. R. CIV. P. 55(b)(1).  "In all other cases, the party must apply to the court for a default judgment."  FED. R. CIV. P. 55(b)(2).  Although Rule 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, the case law sets forth that the court must exercise "sound judicial discretion" when determining whether to enter the judgment.  Wright & Miller, 10A Federal Practice & Procedure, § 2685 (3d ed. 1998) (collecting cases).  After a court determines that a default judgment should be entered, it will determine the amount and character of the recovery awarded. *See id*. § 2688 (collecting cases).  Further, "[b]ecause a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default.  *Russell v. Tribley*, No. 10-14824, 2011 WL 4387589, at *8 (E.D. Mich. Aug. 10, 2011) (collecting cases).

## IV. ANALYSIS

In the present action, the Court has supplemental jurisdiction over the state law claims asserted against Defendant Islam.  Venue is proper as the actions underlying this complaint took place in this district, near and around Romulus, Michigan.  (Compl. ¶¶ 2-8).  Further, Plaintiff has evidenced that Defendant Islam was personally served during a status conference in this court on June 24, 2014 and Defendant Islam has personally affirmed this fact during the last hearing in this matter.  (*See* ECF No. 52, Certificate of Service).  Defendant Islam also confirmed he received notice of this pending Motion for Default and did in fact personally appear at the pervious hearing on this matter.

As recounted above Defendant Islam has personally appeared twice in this Court and retained an attorney in July 2015.  Despite these facts, Defendant Islam has failed to file any response to the pending Motion for Default and has admittedly failed to file any other pleading in this action.  The Court has apprised Defendant Islam of his need to appear and defend himself in this matter during the last two hearings, and has allowed Defendant Islam extra time to retain an attorney and respond to the Motion for Entry of Default Judgment.  Defendant Islam has failed to respond to the Motion for Entry of Default or file an answer in this action.

A.      Claims of Assault and Battery

Plaintiff requests that the Court enter a default judgment against Defendant Islam only for Count I, a state law claim of assault and battery.[2]  Plaintiff argues that because Defendant Islam

---

[2] Plaintiff does not move for a default judgment against Defendant Islam based on defamation or intentional infliction of emotional distress.  It is unclear from the complaint whether these claims were asserted against Defendant Islam.  Regardless, Plaintiff has not

has failed to file an answer to the complaint or otherwise defend himself, the "well-pleaded allegations of fact" in the complaint must be considered admissions.  *See Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citation omitted).  Plaintiff also asserts that Defendant Islam pled guilty to assault and battery against Plaintiff in the Wayne County Circuit Court.  (*See* Pl.'s Br. at 1).  Plaintiff requests in her Motion for Default Judgment an award "in the amount of FIFTY THOUSAND ($50,000.00) DOLLARS plus attorney fees, interest and court costs."  (Pl.'s Mot. at ¶ 9).[3]

Under Michigan law, "[a]n assault is defined as any intentional unlawful offer of corporal injury to another person by force, or force unlawfully directed toward the person of another, under circumstances which create a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact."  *Hoover v. Walsh*, 682 F.3d 481, 501 (6th Cir. 2012) (quoting *Espinoza v. Thomas*, 189 Mich. App. 110, 119 (Mich. Ct. App. 1991)).  "A battery is the willful and harmful or offensive touching of another person which results from an act intended to cause such a contact."  *Id*.

Plaintiff alleged in her complaint that Defendant Islam and Syeda Akhtar "assaulted" her on Saturn Property on or about March 15, 2010, and later that same day "attempted to run the Plaintiff off of the road with their car."  (Compl. ¶¶ 25-26.).  Plaintiff also claimed that because

---

moved for an entry of default based upon these claims and the Court finds them waived.

[3] Plaintiff also states in her brief that she is seeking "a Default Judgment against both defendants, Syeda Akhtar and Syed Islam in the amount of ONE HUNDRED THOUSAND $100,000.00."  (Pl.'s Br. at 2).  As described *supra*, Defendant Akhtar was long ago dismissed from this case and this request is in error.  (*See* ECF No. 37, Order dismissing case as to Akhtar for lack of prosecution).

10

of these actions Defendant Islam was criminally charged with assault and battery.[4]  (Compl. ¶ 27).

These allegations provide that Defendant Islam assaulted Plaintiff, because both the altercation on Saturn's property or Defendant Islam's attempt to run Plaintiff off the road would "create a well-founded apprehension of imminent contact" and give Plaintiff the impression Defendant Islam could accomplish that contact.  *See Hoover*, 682 F.3d at 501.  Additionally, the police report which detailed the altercation supports the conclusion that Defendant Islam pushed and punched Plaintiff with his hands at her house.  (ECF No. 46, Ex. 1 at 7).  Such pushing and punching constitutes a "willful and harmful or offensive touching" that was caused by an act intended to cause such a contact.  *See Hoover*, 682 F.3d at 501.

Because Defendant Islam has failed to answer the complaint or respond to the pending Motion for Entry of Default Judgment, the Court deems the well-pled allegations as admitted. *See Cross*, 441 F. Supp. 2d at 846.  In light of these well-pled allegations and the supporting police report and personal protection petition, the Court finds that the Defendant Islam's actions constitute assault and battery under Michigan law.

B.    Damages

The Sixth Circuit has explained that "[w]here damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved."  *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 455 (6th Cir. 2011) (quoting *Antoine v. Atlas*

---

[4]  The Court notes that Plaintiff attached a police report to her first motion for default judgment.  (ECF No. 46, Ex. 1).  Plaintiff also provided paperwork she filed to petition the court for a personal protection order against Defendants Islam and Syeda Akhtar in her first motion for default judgment.  (*Id.*).  While this documentation is not attached to the pending Motion for Entry of Default Judgment the Court considers it as part of the record in this case.

*Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)).  In the present case, Plaintiff previously attached

multiple doctor's notes to her motion for default judgment in an apparent attempt to support her

claim that she is entitled to $50,000 from Defendant Islam.  These records evidence that she

sought medical attention after the assault and battery and complained of "back pain, anxiety" as

well as "Dizziness & backpain" in March, 2010.  (ECF No. 46, Ex. 2 at 2-3).

The Court finds Plaintiff's request for $50,000 in damages for the assault and battery is

justified by the record.  However, the Court denies Plaintiff's cursory request for attorney's fees

and costs as unsupported by the record.

V. CONCLUSION

For all these reasons, the Court GRANTS Plaintiff's Motion for Entry of Default

Judgment (ECF No. 60) and AWARDS Plaintiff $50,000.00 in damages.

IT IS SO ORDERED.

s/Paul D. Borman_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 12, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or
party of record herein by electronic means or first class U.S. mail on November 12, 2015.

s/Deborah Tofil_____
Case Manager

12